CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAY 2 3 2005
JOHN F. CORCORAN, CLERK
BY:
   /DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RASHADI ANDRE WEARING,<br>       *Defendant.* | CRIMINAL CASE NO. 3:04-CR-00092<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court on Defendant Rashadi Andre Wearing's Motion to Dismiss the Indictment, filed April 4, 2005. For the reasons stated below, the Court DENIES Defendant's Motion.

  On December 8, 2004, a grand jury handed down a sealed indictment for Defendant Rashadi Andrew Wearing and seven other individuals. The indictment was unsealed on December 29, 2004. Defendant first appeared before this Court on the same date. Seven of the eight defendants charged in the indictment have appeared before this Court and have been arraigned on the charges. Defendant Troy McDonald, however, remains a fugitive. This case originally was set for trial on February 22, 2005. Upon motions to continue filed by the government and by Defendants Wearing and Everett Smith, the Court continued the case and set a new trial date of August 8, 2005. This Court also entered an order excluding the time from March 10, 2005, until August 8, 2005, from the speedy trial calculation, pursuant to 18 U.S.C. § 3161(h)(8)(A) (2000). Defendant now moves the Court to dismiss the indictment against him

pursuant to the United States Constitution and the Speedy Trial Act, 18 U.S.C. § 3161, because he has not been tried within seventy days of the date the indictment was filed against him.

The Speedy Trial Act requires that the trial of a defendant shall commence within seventy days from the filing date and making public of the indictment, or from the date the defendant appeared before a judicial officer of the court, whichever date last occurs. 18 U.S.C. § 3161(c)(1) (2000). In this case, Defendant's speedy trial rights began to run on December 29, 2004, the date the indictment first was made public and Defendant first appeared before this Court. *Id.* Therefore, the Speedy Trial Act would have required Defendant's trial to begin on March 10, 2005, seventy days from that date. However, on February 17, 2005, the Court entered an order continuing the trial until August 8, 2005, on the motion of the government *and* Defendant. The Court properly found that the time period resulting from the delay caused by the continuance should be excluded from the speedy trial calculation because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A) (2000). Accordingly, the Court will not dismiss the indictment in this case because the Speedy Trial Act does not require that Defendant's trial commence before August 8, 2005.

In addition, the Speedy Trial Act also states that "a reasonable period of delay" shall be excluded from the speedy trial calculation "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion of severance has been granted." 18 U.S.C. § 3161(h)(7) (2000). Defendant Troy McDonald remains a fugitive in this case. Thus, the speedy trial clock has not yet begun to run for McDonald. No motion for severance has been granted. Accordingly, pursuant to 18 U.S.C. § 3161(h)(7), the time resulting from the delay caused by McDonald's fugitive status will be excluded from Defendant's speedy

trial calculation. Because Defendant's speedy trial rights have not been violated, the Court DENIES Defendants's motion to dismiss the indictment.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a copy of this Order to all counsel of record.

ENTERED: _____
U.S. District Judge

5/23/05
Date