# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Case No. 3:04cr00092-8 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **RASHADI ANDRE WEARING,** | ) | By: Norman K. Moon |
| Petitioner. | ) | United States District Judge |

Rashadi Andre Wearing, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence for conspiring to distribute cocaine base. Wearing alleges that his plea was not knowing and voluntary, that counsel provided ineffective assistance, and that the court erred in not appointing him new counsel. This matter is before me on the government's motion to dismiss. I find that Wearing's claim concerning the validity of his plea has no merit and that his remaining claims are waived by his plea agreement. Accordingly, I will grant the government's motion to dismiss.

## I.

On December 8, 2004, a grand jury in Western District of Virginia returned a five-count indictment against Wearing and seven other defendants. Wearing was charged with conspiring to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Five).

On August 2, 2005, pursuant to a written plea agreement, Wearing pleaded guilty to Count One of the indictment. In the plea agreement, the United States agreed to move to dismiss Count Five and to recommend a two-level reduction of Wearing's total offense level under the United States Sentencing Guidelines, for his acceptance of responsibility. The United States also left open the opportunity for Wearing to earn a substantial assistance motion. In exchange,

Wearing agreed, *inter alia*, "to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting . . . [a] motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Wearing] at the time of [his] guilty plea." Additionally, Wearing waived "any claim [he] may have for ineffective assistance of counsel known and not raised by [him] with the court at the time of sentencing."[1]

Wearing initialed every page of the plea agreement, including the pages containing his waivers of collateral attack rights. By signing the plea agreement, Wearing affirmed that he had read the plea agreement, that he had carefully reviewed every part of the agreement with his attorney, that he understood the agreement, and that he was voluntarily agreeing to its terms.

During the plea hearing, Wearing stated under oath that he completed ninth grade, that he was not under the care of a physician or psychiatrist, and that he was not under the influence of any medication or alcoholic beverage of any kind.[2] I established that Wearing was aware of the nature of the charges against him, that he understood the range of punishment that he faced, that he understood how the sentencing guidelines might apply in his case, and that he knew that he had a right to a jury trial. I also established that Wearing was aware that he would be bound by his plea agreement, even if his sentence was more severe than he expected.

I instructed counsel to review the salient portions of the plea agreement that Wearing had reached with the Government. In response, counsel specifically noted the "post-trial/post-conviction waivers" in the plea agreement. Upon being asked if the agreement described by his

---

[1] I note that the plea agreement at Docket No. 176 is missing page 9. Page 9 includes a portion of the ineffective assistance of counsel waiver quoted. However, the waiver, in its entirety was read into the record at the evidentiary hearing held in Wearing's first § 2255 proceeding. *See* Civil Case No. 7:07cv253, Docket No. 37 at 39.

[2] I note that transcripts of Wearing's plea and sentencing hearings are available in the civil action associated with his first § 2255 motion, annexed to the government's motion to dismiss. *See* Civil Case No. 7:07cv253, Docket No. 9, attach. 1 and 2.

attorney was different than his own understanding of the agreement, Wearing indicated that it was not.

I also specifically inquired as to whether Wearing was voluntarily pleading guilty. Wearing affirmed that he had discussed the plea agreement with his attorney before he signed it and that no one had made any promises or induced him to plead guilty. Wearing also affirmed that he was satisfied with the services and advice that counsel had provided. After all of my questions, Wearing stated that he still wanted to plead guilty. I ultimately found that Wearing was "fully competent and capable of entering an informed plea," and that his plea of guilty was "knowing and voluntary." On June 27, 2006, I sentenced Wearing at the bottom of the applicable guideline range, to a total term of imprisonment of 262 months.[3] Before I pronounced the sentence, Wearing was given the opportunity to address the court and he did so. At that time, Wearing did not express any desire to withdraw from the plea agreement, or voice any complaints regarding the quality and effectiveness of counsel's representation. Instead, Wearing apologized to the City of Charlottesville, his family, and the United States. Wearing did not appeal.

On May 18, 2007, Wearing filed a § 2255 motion, alleging, *inter alia*, that counsel was ineffective in failing to appeal Wearing's conviction and sentence. After the Magistrate Judge conducted an evidentiary hearing on this claim and issued a Report and Recommendation as to the disposition of the case, I granted Wearing's § 2255 motion. I determined that despite the appeal waiver, counsel had a duty to consult with Wearing about an appeal because Wearing had expressed his dissatisfaction with his sentence and referenced the need for an appeal at the conclusion of the sentencing hearing. Because no consultation occurred, I found that counsel provided ineffective assistance. I dismissed, without prejudice, Wearing's remaining claims and

---

[3] On June 23, 2008, I reduced Wearing's sentence to 210 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the United States Sentencing Guidelines. On October 12, 2011, I further reduced Wearing's sentence to 168 months pursuant to § 3582(c)(2) and Amendment 750.

re-entered judgment in Wearing's criminal case in order to provide Wearing the opportunity to appeal.

Wearing filed an appeal to the Court of Appeals for the Fourth Circuit, alleging that he was incompetent at the time he entered his guilty plea. On November 12, 2009, at the request of the United States, the Fourth Circuit vacated Wearing's criminal judgment and remanded Wearing's case to this court for a determination as to Wearing's competency at the time he entered his guilty plea. I referred the matter to the Magistrate Judge for an evidentiary hearing and Report and Recommendation. The Magistrate Judge determined that Wearing possessed the mental capacity to enter a knowing and voluntary plea. I adopted the Report and Recommendation over Wearing's objection and reimposed the judgment.

Wearing appealed and on September 19, 2011, the Fourth Circuit affirmed my decision. *United States v. Wearing*, 446 F. App'x 641 (4th Cir. 2011). The Supreme Court of the United States denied Wearing's petition for writ of certiorari on May 19, 2012. *Wearing v. United States*, 132 S. Ct. 2681 (2012)

On February 12, 2013, Wearing filed the instant § 2255 motion, alleging that:

1. Wearing's plea was unintelligent and involuntary;

2. Counsel was ineffective at the time of Wearing's guilty plea because he failed to inform the court of Wearing's history of mental illness;

3. Counsel was ineffective in failing to object to the inclusion of certain prior convictions in determining his criminal history category for purposes of guideline calculations; and

4. The court violated Wearing's right to choice of counsel by declining his request to replace his second attorney.

**II.**

Wearing alleges that his plea was not knowingly and voluntarily made. However, I have already examined this issue extensively and determined that Wearing was competent to enter a

4

guilty plea at the time of his plea hearing. Further, Wearing's instant claim contrasts sharply with the statements Wearing made during his plea colloquy when he affirmed to the court that his plea was both knowing and voluntary. Upon consideration of Wearing's claim, I find that his plea was entered both knowingly and voluntarily, and therefore, I will dismiss this claim.

"[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); and citing *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003)). Because the declarations carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004) (quoting *Blackledge*, 431 U.S. at 74).

During his plea hearing, Wearing affirmed that he understood the terms of the plea agreement including the appeal and collateral attack waivers, that he was entering the plea and waiving his appeal and collateral attack rights knowingly and voluntarily, and that he was completely and fully satisfied with his attorney's representation. Further, Wearing did not challenge the government's evidence against him. I took care to ensure that Wearing entered his plea both knowingly and voluntarily by reviewing the provisions until I was fully satisfied that Wearing understood. I made findings on the record at the plea hearing that Wearing was competent to plead and that he voluntarily and knowingly entered his plea. I made further findings on the record after the Fourth Circuit remanded Wearing's case for a determination of Wearing's competency at the time of his guilty plea. These findings were not mere formalities but rather reflected my considered opinion that Wearing was in fact fully competent and that his plea was knowing and voluntary. Nothing that has followed has dispelled that conclusion.

Accordingly, I find that Wearing's challenge to the validity of his plea has no merit and, therefore, I will dismiss his claim.

**III.**

Wearing alleges that counsel provided ineffective assistance in failing to inform the court of Wearing's history of mental illness at his plea hearing and in failing to object to the calculation of his criminal history category under the United States Sentencing Guidelines in the presentence investigation report. Wearing also alleges that the court violated his "right to choice of counsel" by declining his request to replace his second attorney. However, Wearing knowingly and voluntarily waived his right to collaterally attack his plea and sentence and these claims fall within the scope of that waiver. Therefore, I will dismiss them.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. *See, e.g., United States v. Attar*, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." *Id.* at 731-32. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22; *see also United States v. Brown*, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the

waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. *Lemaster*, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the . . . waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (quoting *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" *Id.* (quoting *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal and § 2255 rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the waiver.[4] *Attar*, 38 F.3d at 732; *Lemaster*, 403 F.3d at 220 n.2; *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992); *Blick*, 408 F.3d at

---

[4] In the Supreme Court's decisions in *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), the Court held that a defendant is entitled to the effective assistance of counsel as it relates to plea offers that lapse or are rejected. It is unclear whether such a claim would be within the scope of a valid collateral attack waiver. However, I need not make that determination in this case, because there is no evidence that the United States offered a plea to Wearing that either lapsed or was rejected.

169-71. Thus, in addition to evaluating the validity of Wearing's guilty plea and waiver of collateral attack rights, I must determine whether his claims fall within the scope of that waiver.

I already found that Wearing's plea was valid and further find that his waivers of collateral attack rights are also valid. Therefore, I must now determine whether Wearing's claims are included within the scope of the waivers. Wearing's claims of ineffective assistance of counsel and court error do not allege a complete denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor. Therefore, I find that Wearing's claims fall within the scope of his collateral attack waivers and, thus, these claims are not cognizable in a § 2255 motion. Accordingly, I will dismiss these claims.[5]

---

[5] Further, Wearing's claims of ineffective assistance of counsel have no merit and his claim of court error is inexcusably defaulted. In order to establish an ineffective assistance claim, Wearing must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S.668, 669 (1984); *see also Williams v. Taylor*, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *see also Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983); *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977). In addition to proving deficient performance, a petitioner asserting ineffective assistance of counsel must prove that he suffered prejudice as a result of his counsel's deficient performance. That is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297 (citing *Hutchins*, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1290 (citing *Strickland*, 466 U.S. at 697). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. *Strickland*, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n. 8 (4th Cir. 2008); *Fields*, 956 F.2d at 1297-99; *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). In this case, Wearing has not demonstrated ineffective assistance of counsel.

With regard to Wearing's claim that counsel failed to inform the court of Wearing's history of mental illness at his plea hearing, Wearing has not demonstrated any prejudice. I have already determined that Wearing was competent at the time of his guilty plea and, thus, even if counsel had informed me of Wearing's mental history, it would not have changed my finding that he was competent at the time of his plea. Therefore, Wearing has not demonstrated that he suffered any prejudice as a result of counsel's allegedly deficient performance.

With regard to Wearing's claim that counsel failed to object to the use of certain prior convictions in the calculation of Wearing's criminal history category, Wearing has not demonstrated that counsel's performance was deficient. I have reviewed Wearing's presentence investigation report and find that the criminal history points were properly assigned. Section 4A1.2(c) of the United States Sentencing Guidelines defines which prior convictions are counted and excluded when assigning criminal history points. Wearing argues that three of his convictions for driving on a suspended license should not have been assigned points. Pursuant to § 4A1.2(c)(1), a conviction for

## IV.

For the reasons stated herein, I will grant the government's motion to dismiss.

**ENTER**: This 15th day of November, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

driving on a suspended license may only be counted if "(A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense . . . ." In Wearing's case, two of his convictions for driving on a suspended license each resulted in a two-year term of probation and the third conviction resulted in an active term of imprisonment of one month. Accordingly, each of those three convictions was properly counted in his criminal history. Further, pursuant to § 4A1.1(c), each of those convictions was properly assigned one point in calculating Wearing's criminal history category. Inasmuch as counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis," *see Clanton v. Bair*, 826 F.2d 1354, 1359 (4th Cir. 1987), I find that Wearing has not demonstrated that counsel was ineffective in failing to object to the calculation of Wearing's criminal history category.

With regard to Wearing's court error claim, I find that Wearing's claim is procedurally barred because he did not raise it on direct appeal and nothing excuses the default. "[H]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Claims that could have been, but were not raised on direct appeal are procedurally defaulted unless the petitioner demonstrates both cause for the default and actual prejudice from the failure to review the claim, *Bousely*, 523 U.S. at 622; *United States v. Frady*, 456 U.S. 152, 170 (1972); *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); *United States v. Mikalajunas*, 186 F.3d 490, 492-95 (4th Cir. 1999); *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994), or demonstrates that he is actually innocent, *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Mikalajunas*, 186 F.3d at 493. To establish cause, Wearing must point to some objective factor beyond his control that impeded or prevented him from presenting his claim. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Objective factors that may constitute "cause" include: (1) interference by officials that makes compliance impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel. *Wright v. Angelone*, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting *McCleskey v. Zant*, 49 U.S. 467, 493-94 (1991)). To show prejudice, Wearing must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *McCarver v. Lee*, 221 F.3d 583, 892 (4th Cir. 2000) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1972)). Actual innocence means factual innocence, not merely the legal insufficiency of his conviction or sentence. *Bousley,* 523 U.S. at 623-24. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006) (internal quotation marks omitted).

Because Wearing did not raise this court error claim on direct appeal, it is procedurally defaulted unless he demonstrates cause and prejudice or actual innocence. Having reviewed Wearing's pleadings, I find that Wearing has not demonstrated cause and prejudice to excuse his default or that he is actually innocent. Accordingly, Wearing's court error claim is inexcusably defaulted.